THE FREDONIA GAS COMPANY v. THE ELWOOD SUPPLY COMPANY.

No. 14,143. (80 Pac. 969.)

SYLLABUS BY THE COURT.

ACCORD AND SATISFACTION—*Question for a Jury.* Where a debtor sends his check to his creditor for a less amount than the creditor claims is due, but for the full amount that the debtor claims is due, with instructions in writing to accept the same in full payment of the claim or to return the check, and the creditor does not cash the check but retains it about seventy days before returning it to the debtor, the creditor having notified the debtor on receipt of the check that it would not be received in full payment and the creditor having made repeated attempts during the time the check was held to settle with the debtor, and no question of loss to the debtor through the insolvency of the bank or otherwise being involved, it cannot be said, as a matter of law, that there was an accord and satisfaction between the parties. Under these facts, the question whether under all the circumstances the creditor had retained the check for an unreasonable length of time and should be held to have accepted it in full payment of the debt was properly submitted to the jury.

Error from Wilson district court; LEANDER STILLWELL, judge. Opinion filed May 6, 1905. Affirmed.

*S. S. Kirkpatrick,* for plaintiff in error.

*J. T. Cooper,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: The plaintiff in error, through its secretary, Skelton, who went to Elwood, Ind., for that purpose, and had a personal interview with Gessner, the general manager of the defendant in error, ordered over a telephone about 5140 feet of four-inch gas-pipe to be shipped from Elwood to Fredonia, Kan. The pipe was shipped as ordered, but there was a dispute as to the price stated by Gessner to Skelton over the telephone, the plaintiff in error claiming it was twenty-five and one-half cents per foot and the defendant in error that it was thirty-five and one-half cents per foot. When the pipe was loaded the supply company mailed to the gas company a bill for the same at thirty-five and one-half cents per foot, and upon receipt of the bill the gas company immediately replied by mail that the contract price was twenty-five and one-half cents per foot. Upon receipt of this reply by the supply company it wired the gas company that if it could not use the pipe at thirty-five and one-half cents to hold it subject to the supply company's order. This telegram was received after the pipe arrived at Fredonia but before it was unloaded.

The gas company, however, unloaded and appropriated the pipe to its use and immediately mailed a certified check to the supply company for the price of the pipe at twenty-five and one-half cents, with instructions to receive the check in full payment for their claim or to return it. The supply company soon thereafter replied that it could not receive the check in full payment but did not return it.

The check was mailed about October 12 and several letters passed between the parties up to January following, in one of which the supply company wrote asking a remittance of $500 more, indicating, it is claimed, that it had accepted the check to apply on ac-

30—71 KAN.

count. The check, however, was never cashed and there is no claim that the gas company lost anything by reason of the check's being retained, except possibly the use of the money deposited in the bank to secure the certification of the check.

All the letters from the supply company repudiated the idea of accepting the check in full payment, and prior to bringing this suit Gessner, for the supply company, came to Fredonia, Kan., and attempted to secure payment of the bill in the amount claimed by his company, but the gas company refused to pay more than the amount of the check. Upon the return of Gessner to Elwood the check was sent back to the gas company by registered letter and it immediately returned it by mail to the supply company. Soon afterward this suit was brought in Wilson county for the price of the pipe at thirty-five and one-half cents. The verdict and judgment were for the full amount claimed by plaintiff, with interest, and the defendant brings the case here for review.

We have examined all the assignments of error, and find that with the exception of the request for an oral instruction pending the argument, in the refusal of which we see no error, they are practically embraced in the following: (1) In admitting improper and incompetent evidence; (2) in submitting to the jury the question whether or not the check was retained an unreasonable length of time.

The first objection relates to the admission of the depositions of two witnesses, in which, after testifying to facts which, if true, identify the conversation as the one had between Skelton and Gessner over the telephone at Elwood when the pipe was ordered by Skelton, they relate that they were in the supply company's office and heard what Gessner said as to the price of the pipe, and that he stated that the price of the pipe was thirty-five and one-half cents per foot. We think this was competent, the conversation and

contract over the telephone being admitted by both parties and the statement of Gessner as to the price being alone in issue.

As to the second alleged error, the evidence showed that the check was retained by the supply company from seventy to eighty-five days before it was returned to the gas company, and the latter contends that this fact alone constituted an acceptance of the check by the supply company and constituted a complete accord and satisfaction of the disputed claim. No case cited by the gas company and none that we have found goes to this length. If the supply company had cashed the check it would have constituted an accord and satisfaction and it could have recovered no more; or if the bank had failed, and the money by this or other means had been lost, the loss, at least, should have fallen upon the supply company. The statute relating to the acceptance by a third party of a bill of exchange has no application.

We think the instruction of the court to the jury, which was, in substance, that if they found the plaintiff had, under all the circumstances, retained the check for an unreasonable length of time they might regard it as an accord and satisfaction and find for the defendant, was extremely favorable to the defendant, if not erroneously favorable.

The judgment of the district court is affirmed.

All the Justices concurring.